J. B. ELDER *v.* T. M. TUCKER *et al.*

(CC 523)

Submitted February 5, 1935. Decided February 19, 1935.

*R. S. Blair* and *Harry R. Taylor,* for plaintiff.

*Thomas J. Davis,* for appellants J. Clyde McNeill and Ben F. Hammer.

*S. P. Bell* for defendants E. R. Lester and others.

*W. F. Boggess* for defendants C. D. Edelan and J. L. McBride.

WOODS, JUDGE:

This certificate involves the sufficiency of a notice of motion, a demurrer thereto having been sustained.

The plaintiff, by his motion, seeks to recover a joint and several judgment against twenty-seven individuals, as members of a mining partnership, for labor performed in cleaning

out and sinking to a greater depth, a certain oil well. He alleges that the labor was performed under a contract with S. G. Moyer, one of, and agent for, defendants, under a certain power of attorney. The power of attorney, which, upon oyer being craved, was exhibited and made a part of the motion, is signed by thirty-two individuals, including the plaintiff and the several defendants herein, each having a one thirty-second interest in the leasehold upon which the well was located.

It is a general rule that one partner cannot sue his co-partner, or co-partners at law, for any debt or demand towards which he must ultimately contribute. 47 C. J. 825; 20 R. C. L. 924; Note, 21 A. L. R. 21, 48. To permit this to be done, unless the undertaking by the promisors was by them as individuals, so that the contract was a personal one, amounting to a private undertaking separate and distinct from the partnership, would present the anomaly of a single individual acting as both plaintiff and defendant in the same action. *Wright* v. *Michie*, 6 Gratt. (Va.) 354, 357. The notice of motion is based on the power of attorney, to which plaintiff, himself, is a party. Under it the signers became a mining partnership. *Childers* v. *Neely*, 47 W. Va. 70, 34 S. E. 828. The notice of motion does not aver that plaintiff has at any time ceased to be a partner in the development of the leasehold. Nor is it shown by such pleading that an accounting will not be necessary to a determination of plaintiff's rights. *Knopsnyder* v. *Quinn*, 68 W. Va. 577, 70 S. E. 363. The demurrer was therefore properly sustained.

*Ruling affirmed.*